UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTIAN MEDINA VASQUEZ (A-240-174-801),<br>Petitioner,<br>v.<br>TONYA ANDREWS, et al.,<br>Respondents. | No. 1:26-cv-05383-DC-CSK (HC)<br><br><u>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS</u><br><br>(Doc. No. 8) |

Petitioner, an immigration detainee prisoner proceeding pro se, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 13, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. On August 10, 2026, Respondents filed a statement of non-opposition in which they reiterated their position that 8 U.S.C. § 1225(b)(2)(A) governs Petitioner's detention, but acknowledged that under the binding precedent set forth by *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. July 30, 2026), Petitioner's detention is governed by 8 U.S.C. § 1226(a).

The court presumes that any findings of fact are correct. *See Orand v. United States*, 602

F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). The court has reviewed the file and finds the findings and recommendations to be supported by the record and by the magistrate judge's analysis. However, consistent with this court's previous decisions, the court finds that the appropriate relief in this case is Petitioner's immediate release from custody.[1] *See, e.g.*, *See Alvarez Maciel v. Noem*, No. 1:26-cv-01318-DC-CKD, 2026 WL 496948 (E.D. Cal. Feb. 23, 2026) (granting injunctive relief of immediate release for noncitizen who was detained by U.S. immigration authorities after living in the United States for over twenty years); *Barajas Ortiz v. Chestnut*, No. 1:26-cv-01167-DC-SCR, 2026 WL 508419 (E.D. Cal. Feb. 24, 2026) (same as to noncitizen who had lived in United States for over 30 years); *Acevedo Duran v. Albarran*, No. 1:26-cv-01108-DC-CSK, 2026 WL 539409 (E.D. Cal. Feb. 26, 2026) (same as to noncitizen who had lived in United States for approximately 2–3 years); *Zuniga Cruz v. Noem*, No. 1:26-cv-01818-DC-EFB, 2026 WL 890471 (E.D. Cal. Mar. 31, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's Immigration and Nationality Act claim where the petitioner lived in the United States for eight years before his detention).

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed August 13, 2026 (Doc. No. 8) are ADOPTED

---

[1] The magistrate judge recommends that this court order a bond hearing for Petitioner. (Doc. No. 8 at 4–5.) However, in circumstances like those seen here, where the government improperly asserts that 8 U.S.C. § 1225(b) governs detention when 8 U.S.C. § 1226(a) actually governs, and where the government neither argues nor provides evidence that non-pretextual changed circumstances plausibly warranting immediate action by immigration authorities existed such that a pre-deprivation hearing was not practicable, this court finds release to be the proper remedy. Indeed, although Respondents note that Petitioner "has criminal history," they fail to explain how Petitioner's November 2024 and November 2025 arrests established changed circumstances warranting immediate action by immigration authorities in July 2026. (Doc. Nos. 7 at 1; 7-1 at 2–3, 7-2 at 4–5.) These facts do not support a reasonable inference that changed circumstances warranted Petitioner's immigration detention such that a post-deprivation bond hearing, rather than release, would be the proper remedy. *See, e.g.*, *Zejada v. Warden, Golden State Annex Detention Facility*, No. 1:26-cv-05651-DC-CSK, 2026 WL 2254595 (E.D. Cal. Aug. 5, 2026) (finding a bond hearing to be the proper remedy where the respondents emphasized the petitioner's recent criminal history, and where the petitioner was detained by immigration authorities approximately six weeks after his arrest for the crime of threatening another with the intent to terrorize, for which he had a pending felony charge).

IN PART;

2. Petitioner Cristian Medina Vazquez's (A-240-174-801) petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. No. 1) is GRANTED as follows;
   a. Respondents shall IMMEDIATELY RELEASE Petitioner from their custody;
   b. Upon his release, Respondents shall not impose any additional restriction on Petitioner, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing;
   c. Respondents shall RETURN all of Petitioner's documents and possessions upon his release from custody;
   d. Within three (3) days of the date of entry of this order, Respondents are ORDERED to file a notice of compliance with this court confirming the Petitioner has been released from custody; and
   e. If the government seeks to re-detain Petitioner, they shall provide him with a bond hearing pursuant to 8 C.F.R. 1236.1(c)(8) at which Petitioner shall bear the burden of showing that he is not a flight risk or a risk to community safety;
3. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;
4. The Clerk of the Court is directed to serve a copy of this order on the Golden State Annex Detention Facility; and
5. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **September 9, 2026**

Dena Coggins
United States District Judge